UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cr-00374-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| MICHELLE V. MALLARD ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on a United States subpoena of documents related to the Defendant's guilty plea in the above captioned case. After an *in camera* review of the subpoenaed documents, the Court has found that they contain privileged conversations between attorney and client. However, because the Defendant Michelle V. Mallard has claimed her attorney wrongfully coerced her into pleading guilty, the Court finds that the privilege has been waived as to conversations concerning the plea.

## I. FACTUAL BACKGROUND

Defendant was indicted by a grand jury for one count of wire fraud in November of 2011. She proceeded to trial. Midway through trial she entered a plea of guilty on July 10, 2013. On October 28, 2014, Defendant indicated to the Court that she wished to withdraw her plea on the basis that she was wrongfully coerced or induced by her attorney to enter it. The Court scheduled a hearing for December 15, 2014. Thereafter, the Government obtained the aforementioned subpoena requesting the Defendant's counsel, Mr. Frederick Winiker, to turn over

1

> Any documents related to (1) the fact Defendant's plea was knowing and voluntarily entered; (2) Defendant's decision to enter into a guilty plea; and (3) any admission of guilt or other statements rebutting a claim of innocence.

Mr. Winiker has since delivered to the Court, *ex parte*, *in camera*, the requested documents, which the Court has reviewed for the purpose of determining whether such documents were privileged, and if so, whether the Defendant waived the privilege as to the documents.

## II. APPLICATION OF LAW

The purpose of the attorney client privilege is to encourage honesty and candor between the attorney and client during the scope of representation. The privilege only applies if it has not been waived by the client. United States v. Lentz, 524 F.3d 501, 523 (4th Cir. 2008). Since the client is the holder of the privilege, only he or she can waive it, either expressly or implicitly through conduct. In re Grand Jury Subpoena, 341 F.3d 331, 336 (4th Cir. 2003). Here, the issue of privilege turns on whether Defendant waived the privilege by calling into question the advice Mr. Winiker rendered regarding accepting a plea deal from the government.

The Court finds that Defendant has implicitly waived her privilege insofar as it relates to facts that bear on whether she knowingly and voluntarily entered into the plea. "While the rule with respect to privileged communications between attorney and client should be zealously guarded, . . . this privilege may be destroyed by the acts of the client in attacking the attorney on a charge of dereliction of duty." United States v. Butler, 167 F.Supp. 102, 104 (E.D. Va. 1957), aff'd 260 F.2d 574 (4th Cir. 1958). Defendant's claim that Mr. Winiker coerced her into signing a plea is an attack on his performance as a criminal defense attorney. In making such allegation, Defendant cannot in turn attempt to use the attorney-client privilege as a shield to prevent the government from investigating the accuracy of her claims. Indeed, on facts similar to these, the

2

Fifth Circuit found that "an assertion that a plea is invalid because it was not made intelligently with knowledge of the consequences waives an objection that such evidence is privileged." Johnson v. United States, 542 F.2d 941, 941 (5th Cir. 1976) (citing United States v. Woodall, 438 F.2d 1317 (5th Cir. 1970), cert. denied, 403 U.S. 933 (1971). Additionally, in United States v. Juan, the Eastern District of Virginia found that

> various statements by other courts have more broadly described the trigger for a waiver as <u>anything that might put the nature of the attorney's prior advice or the attorney-client relationship 'at issue'</u>.

United States v. Juan, 2014 WL 4278842, at *5 (E.D. Va. August 29, 2014) (citing a list of cases holding the same) (emphasis added). As that Court noted, this principle can be traced back to a 1888 Supreme Court case holding that "When Mrs. Blackburn entered upon a line of defense which involved what transpired between herself and [her lawyer] . . . she waived her right to object to his giving his own account of the matter." Hunt v. Blackburn, 128 U.S. 464, 470-71 (1888). Such is also the case here.

The Court could reach the same conclusion by following the logical inferences of the crime-fraud exception to the attorney-client privilege, which states that the privilege is lost when the communications are in furtherance of a crime or fraud. See In re Grand Jury Proceedings #5 Empanelled January 28, 2004, 401 F.3d 247, 251 (4th Cir. 2005). Defendant is claiming that Mr. Winiker forced or induced her to take a guilty plea against her wishes. However, the Court has found that the documents subpoenaed by the government arguably tell a different story. Thus, Defendant cannot now use the privilege to further the fraud of mischaracterizing the communications and advice that took place between her and Mr. Winiker. While the communications between Defendant and Mr. Winiker can be seen as the rendering of legal

advice, which is presumptively privileged, because Defendant has placed the advice of Mr. Winiker in issue, the government is entitled to view and use the documents to oppose her motion to withdraw her plea.

For the reasons stated above, the Court finds that the documents are covered by the attorney-client privilege, but that PRIVILEGE HAS BEEN WAIVED as to the documents in issue. The documents shall be provided UNDER SEAL for the GOVERNMENT and DEFENDANT's access. The documents are attached as Exhibit A.

Signed: December 10, 2014

Frank D. Whitney
Chief United States District Judge