UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-684-FDW
(3:11-cr-374-FDW-1)

| | |
|---|---|
| MICHELLE V. MALLARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (Doc. No. 1). For the reasons that follow, the Court dismisses the petition.

## PROCEDURAL HISTORY

On July 10, 2013, pro se Petitioner Michelle V. Mallard pled guilty in this Court to conspiracy to commit mortgage fraud, in violation of 18 U.S.C. §§ 1349 and 1344; conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956 and 1956(h); and wire fraud, in violation of 18 U.S.C. § 1343. (Crim. Case No. 3:11-cr-374-FDW-1, Doc. No. 198: Judgment). On December 18, 2014, this Court sentenced Petitioner to 120 months' imprisonment. (Id.). Judgment was entered on January 8, 2015. (Id.). Petitioner appealed and on October 6, 2015, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence.[1] Petitioner placed the instant petition in the prison mailing system on September 10, 2016, and it was stamp-

---

[1] Petitioner did not file a petition for writ of certiorari with the Supreme Court. Therefore, her conviction became final 90 days later for purposes of the one-year statute of limitations under 28 U.S.C. § 2255(f)(1).

1

filed in this Court on September 23, 2016. (Doc. No. 1). Petitioner filed a motion for an extension of time to file a supporting memorandum on the same day she filed her petition. (Doc. No. 2). This Court granted the motion, giving Petitioner until December 20, 2016, to file a supporting memorandum. (Doc. No. 3). Petitioner has not filed such memorandum and the time to do so has passed.

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

Petitioner's motion to vacate is subject to dismissal because her allegations are simply too vague to state a cognizable claim for relief under Section 2255. In Ground One, she purports to bring a claim for "retroactivity of USSG relevant conduct," and for her supporting facts, she merely states, "See memorandum." Similarly, in Ground Two, she states, only, "Retroactivity of USSG Minor Role," and for her supporting facts, she again states, "see memorandum." Finally, in Ground Three, Petitioner purports to bring a claim of "Ineffective Assistance of Counsel," but for her supporting facts she merely states, "see memorandum." As noted, although Petitioner moved for and received an extension of time from this Court to file a memorandum to support her Section 2255 claims, she has not done so, and the time to do so has passed.[2] She has not

---

[2] In a prior motion for transcripts, Petitioner argued that she needed to obtain her trial

alleged any facts to support her purported claims in her Section 2255 motion to vacate. That is, she purports to bring a claim for "ineffective assistance of counsel," but she alleges no facts whatsoever to support such claim. Furthermore, to the extent that Petitioner may also be attempting to argue she is entitled to a reduction in her sentence pursuant to Rule 794 of the sentencing guidelines, she has already filed such motion for a reduction of her sentence in her criminal action, and the Court has denied the motion. See (Crim. 3:11-cr-374-FDW-1, Doc. Entry Dated Dec. 5, 2016).

## CONCLUSION

For the reasons stated herein, the Court dismisses the Section 2255 petition. The dismissal will be without prejudice to Petitioner to refile her petition to cure the deficiencies in the petition.[3]

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

---

transcripts to articulate her claims, but this Court denied the motion, noting that a petitioner may not obtain free transcripts from the Court merely to search for potential claims.

[3] It appears, however, that Petitioner's one-year limitation period, pursuant to 28 U.S.C. § 2255(f)(1), for filing the petition has now expired. Therefore, she may now be time-barred from bringing her motion to vacate.

3

**ORDER**

**IT IS, THEREFORE, ORDERED THAT**:

1. Petitioner's § 2255 motion, (Doc. No. 1), is dismissed without prejudice.

2. The Court declines to issue a certificate of appealability.

Signed: January 11, 2017

Frank D. Whitney
Chief United States District Judge